UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case Number 18-cv-___  ____/____

Troy K. Scheffler,

    Plaintiff,

vs.

City of Blaine,
a political subdivision of the state of Minnesota,

and

District Court Administrator of the
Tenth Judicial District of the State of Minnesota,
in his or her official capacity only,

    Defendants.

## COMPLAINT—JURY DEMANDED

1. Introduction

2. Plaintiff Troy K. Scheffler sues City of Blaine (Blaine) and the District Court Administrator of the Tenth Judicial District of the State of Minnesota, for denial of Fourteenth Amendment procedural due process as applied to Mr. Scheffler, denial of Fourteenth Amendment substantive due process as applied to Mr. Scheffler and denial of equal protection of the law, as applied to him, in violation of the Fourteenth

1

Amendment to the United States Constitution, for the continuing, unlawful seven-and-one-half year seizure of his 2008 Chevrolet Aveo under color of law of Minn. Stat. §169A.63 et seq.

3. Mr. Scheffler seeks declaratory relief to declare that the District Court Administrator of the Tenth Judicial District of the State of Minnesota breached its mandatory duties under Minn. Stat. §169A.63 subd. 9(d) to schedule and assure the conduct of Mr. Scheffler's civil forfeiture hearing within 180 days of his petition for hearing, and to schedule and assure the conduct of Mr. Scheffler's civil forfeiture hearing "as soon as practicable" after the conclusion of the underlying criminal proceedings, and thus violated Mr. Scheffler's right to procedural due process under the Fourteenth Amendment, as applied to Mr. Scheffler. Mr. Scheffler further seeks mandamus relief against the District Court Administrator of the Tenth Judicial District of the State of Minnesota to return Mr. Scheffler's $320 filing fee, because of the District Court Administrator's failure to schedule and assure the conduct of the timely civil forfeiture hearing under Minn. Stat. §169A.63 subd. 9(d), in derogation of Mr. Scheffler's Fourteenth Amendment procedural due process rights, as applied to him.

4. Mr. Scheffler seeks declaratory and equitable relief against the City of

Blaine, to declare that the City of Blaine violated Mr. Scheffler's Fourteenth Amendment procedural due process right as applied to him, to assure the scheduling and conduct of the civil forfeiture hearing "as soon as practicable" after the conclusion of the underlying criminal proceedings, as required by Minn. Stat. §169A.63 subd. 9(d), to enjoin City of Blaine's ongoing seizure of his motor vehicle, mandamus relief against the City of Blaine to command the return of his vehicle forthwith, and monetary relief in excess of $75,000.00 against the City of Blaine,, or such sum as a jury may award, as well as costs, disbursements, and reasonable attorney fees against both defendants in accordance with 42 U.S.C. §§1983 and 1988.  Mr. Scheffler demands jury trial for all claims triable to the jury.

5. **Subject Matter Jurisdiction**

6. Mr. Scheffler states claims that implicate his constitutional rights to procedural and substantive due process, and equal protection of the law, as applied to him, under U.S. Const. amend. XIV.

7. 28 U.S.C. §1311 vests jurisdiction in this court.

8. **Parties**

9. Plaintiff Troy K. Scheffler is an adult individual, disabled on account of agoraphobia and post-traumatic stress disorder magnified by panic

3

attacks, and domiciliary of Crow Wing County, Minnesota.

10. Mr. Scheffler is the owner of one 2008 Chevrolet Aveo, VIN KLlTD66688B011495.

11. Defendant City of Blaine is a political subdivision of the state of Minnesota, located in Anoka County, Minnesota.

12. At all times relevant to this action, the City of Blaine acted under color of law by the actions of its agents and representatives in the initial and continuing seizure of Mr. Scheffler's motor vehicle.

13. The District Court Administrator of the Tenth Judicial District of the State of Minnesota is an appointed official of the judiciary branch of the state of Minnesota.

14. At all times relevant to this lawsuit, the District Court Administrator acted under color of law, and had mandatory, ministerial duties to schedule timely and assure the timely conduct of the civil forfeiture hearing relating to Mr. Scheffler's automobile, in accordance with Minn. Stat. §169A.63 subd. 9(d).

15. The District Court Administrator of the Tenth Judicial District of the State of Minnesota is sued in his or her official capacity only.

16. Mr. Scheffler seeks declaratory, equitable, and mandamus relief against the District Court Administrator of the Tenth Judicial District

4

of the State of Minnesota in his or her official capacity only, with costs and disbursements under 42 U.S.C. §§1983 and 1988, and no other relief.

17. **Venue**

18. The substantial number of events at the heart of this lawsuit took place in Blaine, Anoka County, Minnesota.

19. 28 U.S.C. §1391 lays venue in this Court.

20. **The Facts**

21. Blaine seized Mr. Scheffler's 2008 Chevrolet Aveo incident to an arrest alleging driving under the influence on 13 December 2010. *State v. Scheffler*, 02-cr-11-1294

22. Mr. Scheffler timely petitioned the City of Blaine for return of his motor vehicle in accordance with Minn. Stat. §169A.63 subd. 8-9, the Minnesota civil forfeiture statute governing seizure of motor vehicles incident to driving under the influence arrests. *Scheffler v. 2008 Chevrolet Motor Vehicle, VIN KLlTD66688B011495*, 02-cv-10-9218 (Minn. 10th Dist. Ct.).

23. Blaine prosecuted Mr. Scheffler on behalf of the state of Minnesota.

24. Mr. Scheffler entered a Minn. R. Crim. P. Crim. P. 26.01 subd. 4

(*Lothenbach*) plea, in which the government dismissed the Minn. Stat. §171.09 (B-Card) violation in consideration for his recitation of facts sufficient for the district court's entry of a finding of guilt for misdemeanor driving under the influence in violation of Minn. Stat. §169A.20.

25. The *Lothenbach* stipulation included NO WORDING AND NO STIPULATION OF FACT as to Mr. Scheffler's driver's license. See transcript below:

> 5 MR. RING: On 12/13 / 2010 this Defendant,
> 6 Troy Kenneth Scheffler, was operating a motor vehicle i n 7 the City of Blaine, County of Anoka, State of Minnesota
> 8 that he tested within two hours over .08, so that on
> 9 those facts I think those are the elements of the crime. 10 And, of course, it's understood that it's my client's
> 11 wish to agree to that stipulation subject to his
> 12 potential to appeal whether or not the State could have 13 used any of that evidence.
> 14 THE COURT:  Mr. Murphy?
> 15 That's my understanding, Your
> 16 Honor, that those would be sufficient facts." (Exhibit 1)
>
> 20 THE COURT: And those facts that we just
> 21 announced. You're agreeing to, correct?
> 22 THE DEFENDANT: Yes.
> 23 THE COURT: Then based upon those facts
> 24 agreed to by the Defendant, this Court does find that
> 25 the State has proven by proof beyond a reasonable doubt that the Defendant has committed the offense of driving  a motor vehicle with an alcohol concentration

of .08 or more on December 13, 2010 in the City of Blaine, Anoka 4 County."

26. Misdemeanor driving under the influence is NOT a Minn. Stat. §169A.63 subd. 1(e) designated offense.

27. In so doing, Blaine eliminated any proof of a "designated offense" under Minn. Stat. §169A.63 subd. 1(e)(2)(ii) to support seizure of Mr. Scheffler's vehicle within the statutorily prescribed time for a forfeiture hearing – and thus violated Mr. Scheffler's right procedural to due process under Minn. Const. Art. I, §7 and U.S. Const. amend. XIV.

28. Mr. Scheffler appealed the district court's finding of guilt for misdemeanor driving under the influence.

29. Mr. Scheffler exhausted appeals of the *Lothenbach* plea through the Minnesota Supreme Court, with a denial for review. *State v. Scheffler*, A14-0496 (Minn. Ct. App. Mar. 30, 2015) (unpublished), pet. for review denied, (Minn. June 16, 2015), pet. for cert filed, 15-6131 (U.S. Sept. 12, 2015), pet. for cert. denied (U.S. Nov. 16, 2015).

30. In spite of Mr. Scheffler's timely forfeiture hearing demand, the District Court Administrator of the Tenth Judicial District of the State of Minnesota failed to schedule the forfeiture hearing timely as Minn. Stat. §169A.63 subd. 9(d) mandated as a ministerial duty, by the statute's use of the word "shall".

7

31. In spite of Mr. Scheffler's timely forfeiture hearing demand, the City of Blaine failed to assure the scheduling and timely conduct of the civil forfeiture hearing, as Minn. Stat. §169A.63 subd. 9(d) mandated.

32. Timely conduct of the forfeiture hearing is a condition precedent to the City of Blaine's permanent seizure of his vehicle.

33. In spite of the statutory burden on the state, i.e., the District Court Administrator of the Tenth Judicial District of the State of Minnesota, to schedule the forfeiture hearing, Mr. Scheffler initiated the scheduling process, after Blaine's untimely delay.

34. In spite of the dual mandate ("shall") on the District Court Administrator of the Tenth Judicial District of the State of Minnesota (District Court Adminstrator) to conduct the forfeiture hearing within 180 days of the timely filing of the petition, and the mandate to conduct the hearing "as soon as practicable" upon the completion of all underlying criminal proceedings, the District Court Administrator scheduled the forfeiture hearing before Judge Sean Gibbs on 27 October 2016, 5 years nine months and sixteen days after the original arrest, more than two years and eight months after the *Lothenbach* hearing, more than one year and five months after the Minnesota Supreme Court's denial of review, more than eleven months after the U.S.

Supreme Court's denial of *certiorari,* and thus more than five months beyond the outermost statutory deadline of "no more than" 180 days after the exhaustion of the last criminal appeal.

35. Counsel for the city of Blaine argued to the district court that the state and Mr. Scheffler stipulated to the existence of a "B-Card" in the *Lothenbach* hearing.

36. In response, Mr. Scheffler entered the transcript of the 24 February 2014 *Lothenbach* hearing into the record.

37. Showing that there was no such stipulation on the record, Mr. Scheffler proved the City of Blaine prosecutor has misled the court.

38. On 28 December 2016, the district court demanded that the prosecutor point out the stipulation on the record to the court.

39. The prosecutor admitted that the record did not show any claimed stipulation. The prosecutor thus admitted that the state had misled the court.

40. Nonetheless, over Mr. Scheffler's written and expressed objection for lack of subject matter jurisdiction on account of untimeliness, the district court gave the state a second bite at the apple, and scheduled an untimely "evidentiary" hearing for 24 January 2017.

41. Mr. Scheffler petitioned the Minnesota Court of Appeals for a writ

of prohibition, A17-0112, <u>petition filed</u>, (Minn. Ct. App. Jan. 23, 2017), <u>notice of case filing</u>, (Minn. Ct. App. Jan. 24, 2017), <u>writ denied</u>, (Minn. Ct. App. Jan. 31, 2017), on account of the district court's actions outside the jurisdictional deadline.

42. In spite of his entry of the service of the writ upon the City of Blaine and the court administrator, in spite of the fact that the petition was filed by the Court of Appeals on 24 January 2017, the district court went ahead with the hearing, over Mr. Scheffler's objection for lack of subject matter jurisdiction.

43. After briefing, the district court dismissed Mr. Scheffler's petition for return of his vehicle.

44. Mr. Scheffler's timely appealed, *Scheffler v. 2008 Chevrolet Motor Vehicle, VIN KLlTD66688B011495,* case file A17-0478.

45. The Minnesota Court of Appeals affirmed the district court in an unpublished, nonprecedential decision.

46. Mr. Scheffler petitioner the Minnesota Supreme Court for review of his petition.

47. On 28 March 2018, the Minnesota Supreme Court denied review.

48. In accordance with *Hopkins v. City of Bloomington*, 774 F.3d 490 (8th Cir. 2014), Mr. Scheffler has exhausted his state remedies.

49.  Mr. Scheffler brings this action within ninety days of the denial of his petition for review by the Minnesota Supreme Court.

50.  In contrast to Mr. Scheffler, who did not have a forfeiture hearing until more than five years and nine months elapsed after the seizure of his vehicle and who did not have a forfeiture hearing until more than eleven months after the conclusion of the related misdemeanor criminal proceedings, and in contrast to Mr. Scheffler, who was not found guilty of a predicate offense, the Minnesota Court of Appeals held that, in spite of her subsequent guilty plea and conviction for felony first degree driving while intoxicated (DWI) – a predicate forfeiture offense -- Meghan Ashley Olson suffered procedural due process denial as applied to her in view of the one year, four-and-one-half month hearing delay after her timely petition for return of her vehicle, where such civil forfeiture hearing took place only two weeks after the conclusion of the related criminal proceedings in the final sentencing on her felony first degree DWI; the Court affirmed the district court's order mandating the return of Olson's vehicle.  See *Olson, et al., Respondents, v. One 1999 Lexus MN License Plate No. 851LDV VIN: JT6HF10U6X0079461*, A17-1083 (Minn. Ct. App. Apr. 2, 2018) (published decision).

51. On information and belief after reasonable inquiry by the Plaintiff, Mr. Scheffler's vehicle has suffered depreciation by virtue of market forces, and physical waste while in the custody of the City of Blaine.

52. Mr. Scheffler sustained significant legal expenses in his civil forfeiture petition and appeals through exhaustion of state remedies.

53. Mr. Scheffler has suffered damages for emotional distress and diminished ability to transport himself upon public highways, in excess of $75,000.00, or such sum as a jury may award.

54. **CLAIM I: PROCEDURAL DUE PROCESS AS APPLIED TO MR. SCHEFFLER, UNDER U.S. CONST. AMEND. XIV, THROUGH 42 U.S.C. §1983.**

55. Plaintiff realleges and reasserts each and every fact and averments above.

56. The District Court Administrator of the Tenth Judicial District of the State of Minnesota and the City of Blaine, under color of law, by the actions of its agents and representatives, jointly and severally, denied Mr. Scheffler procedural due process as applied to Mr. Scheffler in violation of his rights under U.S. Const. amend. XIV, by failing to conduct a forfeiture hearing within 180 days of Mr. Scheffler's demand

for hearing, and "as soon as practicable" after the conclusion of criminal proceedings, as mandated by Minn. Stat. §169A.63 subd. 9(d).

57. The City of Blaine has wrongfully withheld Mr. Scheffler's motor vehicle from him, and caused it to depreciate and waste without lawful reason.

58. The City of Blaine has no constitutional authority to continue to seize Mr. Scheffler's vehicle, and must relinquish the vehicle to him forthwith.

59. The District Court Administrator has no lawful authority to continue to withhold Mr. Scheffler's $320 filing fee in view of its failure to schedule and assure the conduct of the civil forfeiture hearing in a timely manner under Minn. Stat. §169A.63 subd. 9(d)

60. Mr. Scheffler has suffered damages in excess of $75,000.00, or such sum as a jury may award.

61. **CLAIM TWO: SUBSTANTIVE DUE PROCESS AS APPLIED TO MR. SCHEFFLER, IN VIOLATION OF U.S. CONST. AMEND. XIV THROUGH 42 U.S.C. §1983.**

62. Plaintiff realleges and reasserts each and every fact and averments above.

63. The The District Court Administrator of the Tenth Judicial

13

District of the State of Minnesota and the City of Blaine, under color of law, by the actions of its agents and representatives, jointly and severally, have wrongfully withheld Mr. Scheffler's motor vehicle from him, caused it to depreciate and waste without lawful reason, and thus, as applied to him, unlawfully deprive him of his property interest in his motor vehicle.

64. The City of Blaine has no constitutional authority to continue to seize Mr. Scheffler's vehicle, and must relinquish the vehicle to him forthwith.

65. Mr. Scheffler has suffered damages in excess of $75,000.00, or such sum as a jury may award.

66. **CLAIM THREE: DENIAL OF EQUAL PROTECTION OF THE LAW AS APPLIED TO HIM, IN VIOLATION OF U.S. CONST. AMEND. XIV, THROUGH 42 U.S.C. §1983.**

67. Plaintiff realleges and reasserts each and every fact and averments above.

68. The District Court Administrator of the Tenth Judicial District of the State of Minnesota and City of Blaine, under color of law, by the actions of its agents and representatives, jointly and severally, have wrongfully withheld Mr. Scheffler's motor vehicle from him, wrongfully

denied to Mr. Scheffler, as applied to him, equal protection of the law set forth in Minn. Stat. §169A.63 and guaranteed by U.S. Const. amend. XIV, in view of the absence of any objective, rational basis to delay Mr. Scheffler's forfeiture hearing for eleven months after the conclusion of criminal proceedings, in the face of the dual statutory mandate upon the District Court Administrator to schedule and assure the conduct of the forfeiture hearing within 180 days of Mr. Scheffler's timely petition and "as soon as practicable" after the completion of the underlying criminal proceedings against Mr. Scheffler.

69.  In view of the *Olson* case, set forth at A17-1083 (Minn. Ct. App. Apr. 2, 2018) (published), where Olson was found guilty and sentenced for the predicate offense of felony first degree DWI, where Ms. Olson's forfeiture hearing took place *two weeks* after the conclusion of her felony criminal proceedings, where Mr. Scheffler was not found guilty of a predicate criminal offense, had no civil forfeiture hearing until more than five months after he personally inquired as to the status of his mandatory forfeiture, and where he had no forfeiture hearing until more than eleven months after the conclusion of the underlying misdemeanor DUI proceedings, the The District Court Administrator of the Tenth Judicial District of the State of Minnesota and City of Blaine,

under color of law, by the actions of its agents and representatives, jointly and severally, denied to Mr. Scheffler, as applied to him, equal protection of the law under U.S. Const. amend. XIV, where no objective, rational basis under the U.S. Constitutional excused the City of Blaine's conduct.

70. The City of Blaine has no constitutional authority to continue to seize Mr. Scheffler's vehicle, and must relinquish the vehicle to him forthwith.

71. The District Court Administrator has no lawful authority to continue to withhold from Mr. Scheffler his $320 civil forfeiture filing fee, in view of the District Court Administrator's failure to schedule and assure the timely conduct of the civil forfeiture hearing at Mr. Scheffler's expense, as Minn. Stat. §169A.63 subd. 9(d) twice mandates as an uequivocal ministerial duty upon the District Court Administrator.

72. Mr. Scheffler has suffered damages in excess of $75,000.00, or such sum as a jury may award.

73. **PRAYER FOR RELIEF**

74. WHEREFORE, Plaintiff prays that this Court award or some, in its discretions, of the following relief:

16

75. Entry of judgment against defendant City of Blaine;

76. Declaratory relief against City of Blaine, that it, under color of law by the actions of its agents and representatives, denied procedural due process as applied to Mr. Scheffler, denied substantive due process as applied to Mr. Scheffler, and denied equal protection of the law as applied to Mr. Scheffler, in violation of U.S. Const. amend. XIV;

77. Injunction against City of Blaine to prohibit ongoing seizure of Plaintiff's vehicle ;

78. Mandamus relief against City of Blaine, commanding it to return Mr. Scheffler's vehicle to him forthwith, and to return same with depreciation calculated under market formulae;

79. Declaratory relief against the District Court Administrator that it, under color of law by the actions of its agents and representatives, denied procedural due process as applied to Mr. Scheffler, denied substantive due process as applied to Mr. Scheffler, and denied equal protection of the law as applied to Mr. Scheffler, in violation of U.S. Const. amend. XIV;

80. Mandamus relief against the District Court Administrator to return to Mr. Scheffler's $320 filing fee;

81. Award economic and non-economic damages against Defendant

City of Blaine in excess of $75,000.00 for physical waste to the motor vehicle, sums to restore the vehicle to operating condition, and emotional distress -- or such sum as a jury may award;

82.  Award prejudgment interest jointly and severally;

83.  Award preverdict interest jointly and severally;

84.  Award to Plaintiff his costs and reasonable attorneys fees, pursuant to 42. U.S.C.§1988 against the Defendants, jointly and severally; and

85.  Enter such other and further relief as the Court deems just and proper.

86.  PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO THE JURY.

87.  **VERIFICATION**

88.  I, Troy K. Scheffler, Plaintiff in this action, in Crow Wing County, Minnesota, in accordance with 28 U.S.C. §1746, hereby declare that the above averments are true and correct to the best of my present knowledge.

89.  Date: 26 June 2018

90.  *Troy K. Scheffler* (electronic signature of Troy K. Scheffler)

91.     Reviewed and signed per Fed. R. Civ. P. 11.

Dated:  26 June 2018

/s/ *Peter J. Nickitas* (electronically signed)

_____
Peter J. Nickitas, MN Att'y #212313
Peter J. Nickitas Law Office  L.L.C.
Attorney for Plaintiff
431 S. 7th St., Suite 2446
Minneapolis, MN 55415
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com