# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| TROY K. SCHEFFLER, | Case No. 18-CV-1757 (NEB/LIB) |
|---|---|
| Plaintiff, | |
| v. | ORDER ON MOTION TO DISMISS |
| CITY OF BLAINE, | |
| Defendant. | |

Plaintiff Troy K. Scheffler brings several constitutional challenges to the state forfeiture of his vehicle relating to his arrest for driving under the influence. The City of Blaine ("the City") moves to dismiss the case. Because Scheffler previously challenged the forfeiture in state court, the gateway question is whether the Court has subject-matter jurisdiction over this case under the *Rooker-Feldman* doctrine. The Court finds the constitutional claims are inextricably intertwined with the state judgment and thus grants the City's motion.

## BACKGROUND

Plaintiff Troy Scheffler was arrested in the City of Blaine in December 2010 and charged with several crimes, including Fourth Degree Driving While Intoxicated. [ECF No. 35-1 at 1.] The City seized Scheffler's vehicle—a 2008 Chevrolet Aveo—incident to

the arrest and provided him with a notice of forfeiture. Ten days later, Scheffler filed a Demand for Judicial Determination for Forfeiture Pursuant to Minn. Stat. § 169A.63. (*Id.*)

Meanwhile, the City prosecuted Scheffler and he entered a plea under Minn. R. Crim. P. 26.01, subd, 4 to the offense of Fourth Degree Diving While Intoxicated. The remaining charges were dismissed. [ECF No. 1 ¶ 24.] Scheffler appealed his conviction to the Minnesota Court of Appeals, which affirmed the district court. [ECF No. 35-1 at 1.] He then filed a Petition for Review with the Minnesota Supreme Court, which was denied, and a Petition for Writ of Certiorari with the United States Supreme Court, which was also denied. (*Id.*) The criminal file was closed in 2015.

In September 2016, Scheffler contacted Anoka County Court administration about the status of the forfeiture of the Chevrolet Aveo. (*Id.*) The court scheduled a hearing for October 27, 2016. (*Id.*) At that hearing, the court ordered a briefing schedule and scheduled an evidentiary hearing for January 24, 2017. (*Id.* at 2.) After that hearing, the court dismissed Scheffler's petition for return of his vehicle. (*Id.*) Scheffler appealed to the Minnesota Court of Appeals, which upheld the district court's dismissal of the petition. (*Id.* at 6.) Scheffler petitioned the Minnesota Supreme Court for review of his petition and the Minnesota Supreme Court denied review. [ECF No. 35-5.]

In June 2018, Scheffler brought this action against the City of Blaine and the District Court Administrator of the Tenth Judicial District of the State of Minnesota, alleging that the seizure of the vehicle violated his procedural and substantive due process rights,

2

along with equal protection under the law, in violation of the Fourteenth Amendment.[1] [ECF No. 1 ¶ 2.]

## ANALYSIS

The City moves to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction. If this Court finds it lacks subject-matter jurisdiction over this case, it has no choice but to dismiss it. *Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). This Court may also dismiss this case under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### I. The *Rooker-Feldman* Doctrine

The City argues this court lacks subject-matter jurisdiction over this case because the *Rooker-Feldman* doctrine bars jurisdiction. Under this doctrine, federal district courts lack subject-matter jurisdiction to review state-court decisions. *Postma v. First Fed. Sav. &*

---

[1] The District Court Administrator of the Tenth Judicial District of the State of Minnesota was dismissed from this action in October 3, 2018 pursuant to a Stipulation of Dismissal with Prejudice submitted by the parties. [ECF No. 30.]

*Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The power to review state-court decisions is reserved for the United States Supreme Court, not this Court. *Postma*, 74 F.3d at 162. Thus, the *Rooker-Feldman* doctrine "precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal . . . as well as more common claims which are 'inextricably intertwined' with state court decisions." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (citation omitted). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted). Therefore, "*Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.*

This lawsuit runs afoul of the *Rooker-Feldman* doctrine because it attempts to relitigate the state-court denial of Scheffler's forfeiture petition. Scheffler fashions his claims differently in federal court—he alleges federal constitutional violations instead of state statutory ones. But his federal claims are inextricably intertwined with the state-court judgment. While a "federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court," *Id.*, courts routinely find as-applied constitutional challenges to be inextricably intertwined with state-court judgments. *See, e.g., Hall v. Callahan*, 727 F.3d 450, 454 (6th

Cir. 2013) ("To the extent Plaintiffs seek a declaration that the Statute is unconstitutional as applied in the prior state court proceeding and relieving them from that judgment, the District Court correctly ruled that *Rooker-Feldman* bars their as-applied challenge to the Statute."); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (finding the plaintiff's as-applied § 1983 challenge was barred by the *Rooker-Feldman* doctrine); *Bass v. Butler*, 116 F. App'x 376, 382–83 (3d Cir. 2004) (affirming the district court's dismissal under the *Rooker-Feldman* doctrine because the plaintiff's as-applied constitutional challenge would directly conflict and overrule the state-court decision).

Scheffler was a party to the state suit and could have brought the federal constitutional claims in state court as well. Instead, he seeks to have this Court reverse the state-court denial of his forfeiture petition by arguing the process was unconstitutional as applied to him. Doing so, however, "would effectively reverse the state court decision or void its ruling." *Charchenko*, 47 F.3d at 983 (citation omitted). There is no way this Court could find the forfeiture process unconstitutional as applied to Scheffler without reversing and voiding the district court's denial of his forfeiture petition. This scenario is precisely the reason for the existence of the *Rooker-Feldman* doctrine.

Not only would a win for Scheffler in this case reverse a state-court judgment, but that would be its *only* effect. Scheffler brings his constitutional claims only as as-applied challenges to his forfeiture process. In doing so, his challenges affect no future litigants

5

or any future relief. *Cf. Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 106 (2017) (finding the *Rooker-Feldman* doctrine did not apply because "the class plaintiffs [were] not seeking review and rejection of state court judgments, nor [were] the plaintiffs claiming to have suffered harm because of prior state court judgments" but instead "plaintiffs [were] seeking prospective injunctive relief based on a theory that the MCTA violates their fundamental liberty rights."). This case instead simply rehashes Scheffler's alleged injury from a state-court judgment and is thus barred by the *Rooker-Feldman* doctrine.

Scheffler argues that he filed this federal lawsuit on June 26, 2018 and the state court entered final judgment on July 23, 2018 so he "beat the *Rooker-Feldman* deadline by 27 days." [ECF No. 43 at 5.] But a state-court judgment becomes final for *Rooker-Feldman* purposes when the court issues "its final determination of the rights of the parties" because "[i]n the context of judgment at law, 'final' means 'not requiring any further judicial action by the court that rendered judgment to determine the matter litigated." *Christ's Household of Faith v. Ramsey Cty.*, 618 F. Supp. 2d 1040, 1045 (D. Minn. 2009) (quoting Black's Law Dictionary (8th ed. 2004)). The Minnesota Supreme Court denied Scheffler's petition for review on March 28, 2018—months before he filed this case in federal court. This case therefore seeks to relitigate a final state-court decision, regardless of when the state court administratively entered judgment.

Scheffler also argues his constitutional claims apply to conduct that occurred after his initial petition. He is correct that courts have sometimes held the *Rooker-Feldman* doctrine does not apply to conduct that occurred after the state-court litigation. *See Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 755 (8th Cir. 2010) (determining that the *Rooker-Feldman* doctrine did not apply to conduct that occurred after the state-court rulings). In this case, however, Scheffler does not specifically allege facts of unconstitutional conduct that fall outside the scope his underlying lawsuits and appeals in state court. As a result, the Court finds it lacks subject-matter jurisdiction over this case under the *Rooker-Feldman* doctrine.

**II.    Res Judicata**

Even if the *Rooker-Feldman* doctrine did not deprive this Court of jurisdiction, Scheffler's claims would be barred by the doctrine of res judicata. "Where a plaintiff's claims come to a final judgment, that judgment constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privi[]es . . . ." *Laase v. County of Isanti*, 638 F.3d 853, 857 (8th Cir. 2011) (internal quotation marks and citation omitted). "Under Minnesota law res judicata bars . . . subsequent claims where (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (internal

quotation marks and citation omitted). "Res judicata applies to all claims that could have been litigated in the earlier action in addition to those claims that actually were litigated." *Id.* (citation omitted).

Scheffler's state proceedings involve the same set of factual circumstances, as well as the same parties. In Scheffler's state proceedings, he challenged the forfeiture of his 2008 Chevrolet Aveo incident to his arrest for driving under the influence. In this case, Scheffler challenges the same forfeiture of the same vehicle—only this time, under the federal constitution. The cases thus involve precisely the same facts. And the cases involve the same parties or their privies. Scheffler is listed as the plaintiff and the City as the defendant in all state-court actions.[2]

Additionally, the state court rendered a final judgment on the merits, and Scheffler had a full and fair opportunity to be heard. Scheffler challenged the forfeiture at the state district court, appealed to the Minnesota Court of Appeals, and petitioned for review with the Minnesota Supreme Court. And although he did not bring his constitutional claims in state court, he could have easily done so. "Minnesota courts routinely hear constitutional challenges in forfeiture proceedings." *Laase*, 638 F.3d at 858 (citation omitted). Nothing prevented Scheffler from bringing his due process and equal

---

[2] The state-court captions also include the name of the vehicle as a defendant. This does not change the Court's analysis. *See Ashanti v. Golden Valley*, 666 F.3d 1148, 1153 (8th Cir. 2012) (treating the parties as the same for res judicata purposes because "[the city] served as the prosecuting authority and controlled the forfeiture action, even though the captioned defendant in the forfeiture action was [the plaintiff's] car.").

8

protection claims in the original state-court proceeding. And because he could have brought those claims in the state-court proceeding, he is precluded from raising them now. *See id.*; *Ashanti*, 666 F.3d 1153–54 (precluding the plaintiff from bringing constitutional challenges in federal court after a state court ruled in the plaintiff's forfeiture petition because res judicata barred "[the plaintiff's] claims . . . arising from the original circumstances but under new legal theories.") (internal quotation marks and citation omitted).

## CONCLUSION

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant City of Blaine's Motion to Dismiss [ECF No. 31] is GRANTED and

2. Plaintiff's claims against Defendant City of Blaine are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 30, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge